## ACTION TO COLLECT UNPAID STOCK SUBSCRIPTIONS.

Circuit Court of Cuyahoga County.

### H. O. YODER v. LEWIS HOYT.

Decided, December 27, 1910.

*Corporations—Stock Subscription—Fraud as a Defense—Bankruptcy of Corporation.*

Fraud may be pleaded as a defense in an action to recover unpaid stock subscriptions, even after bankruptcy of the corporation, if no debts of the corporation were contracted after the subscription.

*H. O. Yoder,* for plaintiff in error.
*C. W. Dille* and *H. C. Boyd,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This was an action brought by H. O. Yoder to collect unpaid stock subscriptions. The amended answer sets up fraud and misrepresentation in obtaining the subscription and an excess issue of stock.

A demurrer to this answer was overruled and judgment entered for the defendant. This ruling is here assigned as error.

The demurrer to the answer of course searches the record and it is therefore proper to first examine the amended petition to see if it is sufficient.

It alleges that the corporation involved was adjudicated a bankrupt on May 20, 1907, a receiver appointed to take possession of its assets, the appointment of a trustee to whom the receiver turned over the assets; the subscription on March 29, 1907, of the defendant for twenty-five shares of preferred stock of the company of the par value of $10 per share; the payment by him of $125 on account of his subscription and that a balance of $125 with six per cent. interest is still due thereon.

It is further alleged that at the time of filing the proceedings in bankruptcy, $48,249.04 of provable debts of the company existed which were proved and allowed; that $18,734.60 dividends had been paid, leaving more than $29,000 of valid liabil-

ities unpaid after exhausting all the assets of the company, except a balance due on certain stock subscriptions.

It is further alleged that said unpaid subscriptions including that of defendant, were duly sold at auction by the trustee to the plaintiff who paid a valuable consideration therefor, which sale was approved and confirmed by the referee in bankruptcy and the United States District Court and bill of sale therefore ordered and made to the plaintiff. It is also alleged that the amount of said unpaid subscriptions sold to plaintiff are much less than the unpaid liabilities of the company after the application thereto of the sum realized from the sale of said unpaid subscriptions.

There is no allegation in the amended petition that the rights of any creditors of the corporation accrued *after the subscription* of the defendant, or that any debts were contracted by the corporation upon the faith or credit thereof.

The absence of this allegation from the petition appears to be fatal to it.

The answer of the defendant would certainly be good if made in an action brought by the corporation itself, before insolvency.

The rule that fraud can not be pleaded as a defense in an action to recover unpaid stock subscriptions, after bankruptcy and after the rights of creditors have intervened is based upon the doctrine of estoppel.

Likewise a stockholder is estopped from setting up a defense that the stock is invalid, if the company is in bankruptcy and valid debts were contracted *after his subscription.*

The pleadings in this case do not show that any debts were contracted by the corporation after defendant's subscription. The estoppel, therefore, does not arise and the answer is good.

There are some cases which seem to hold that the *defendant* must plead and prove that the estoppel does not apply because no debts were contracted after he subscribed, but it is thought that the better practice is for the plaintiff to make out a complete case, including the estoppel, before the defendant is required to answer, for the answer is good in the absence of the estoppel.

This case illustrates the thought.

The petition shows that the defendant subscribed March 29th, and that bankruptcy proceedings were begun May 20. The answer alleges that the corporation was insolvent March 29th. If so, the natural presumption is that no debts were contracted between the two dates.

Judgment affirmed.